IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )     CRIMINAL ACTION NO.
     v.                       )        2:21cr356-MHT
                              )            (WO)
JONATHAN LASHAUN DILLARD      )
```

ORDER

Based on the mental competency evaluation by the Federal Bureau of Prisons of defendant Jonathan Lashaun Dillard (Doc. 24), defense counsel requests time to have her own mental competency evaluation done.  For the reasons set forth below, the court agrees to the request.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).  The Act also excludes from the 70-day period any "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant."  § 3161(h)(1)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Dillard in a speedy trial. Defense counsel has concerns about her client's competency to stand trial and needs time to evaluate and

2

litigate that issue if necessary.  A continuance of the litigation proceedings is therefore warranted and necessary to allow defense counsel adequate time to prepare her case for trial effectively, and to explore and determine competency issues with care and thoroughness.  In addition, the government does not oppose defense counsel's request for more time to obtain an evaluation of her client's competency.

***

Accordingly, based on the representations made during the status conference on January 11, 2022, it is ORDERED as follows:

(1) Defense counsel is allowed four weeks to pursue her own evaluation of defendant Jonathan Lashaun Dillard's competency to stand trial; and

(2) Another status conference is set for February 15, 2022, at 8:30 a.m. to discuss how to proceed on the issue of defendant Dillard's mental competency.  The courtroom deputy shall make the necessary arrangements

3

for the conference to be conducted by telephone.

DONE, this the 11th day of January, 2022.

                                            /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**