IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:21cr356-MHT
                            )            (WO)
JONATHAN LASHAUN DILLARD    )
```

ORDER

This case is before the court on defendant Jonathan Lashaun Dillard's motion for an extension of time to conduct a mental evaluation. For the following reasons, the motion will be granted.

The court previously found, based on the representations made during the status conference on January 11, 2022, that a four-week continuance for defense counsel to seek an independent competency evaluation of the defendant was necessary and excludable from the 70-day time period in which a case must be brought to trial under the Speedy Trial Act, 18 U.S.C. § 3161. *See* Order (Doc. 30). However, in the midst of those four weeks, Dillard's first attorney withdrew from the case, and a new attorney was appointed to represent

him.  The four weeks have now expired.  Dillard's new counsel, who appeared in the case only recently, now seeks an additional four weeks to obtain a competency evaluation, which was not previously completed.

The court finds that an additional four-week continuance is necessary and permissible under the Speedy Trial Act and that the additional time is excludable from the 70-day time period within which the case must be tried under the Act.  First, the four-week continuance is permissible under § 3161(h)(1)(A), which excludes any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant."  18 U.S.C. § 3161(h)(1)(A).  Second, the continuance is permissible under § 3161(h)(7)(A), which excludes a continuance when the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court finds that the ends of justice served by the

continuance prevail here because the failure to continue the case "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  As new defense counsel has appeared in the case, a continuance is necessary to allow him to explore his client's competency with care and thoroughness, for the same reasons that the prior attorney required that time.

***

Accordingly, it is ORDERED that:

(1) Defendant Jonathan Lashaun Dillard's motion for an extension of time to conduct a mental evaluation (Doc. 40) is granted.

(2) Defense counsel is allowed four weeks from today to pursue a defense evaluation of defendant Jonathan Lashaun Dillard's competency to stand trial.

(3) The status conference currently set for February 15, 2022, to discuss how to proceed on the issue of

defendant Dillard's competency, is reset for March 15, 2022, at 8:00 a.m., by conference call. The clerk of court shall arrange for the conference call.

(4) The court assumes the government does not object to the defense's continuance request, but if it does, it shall file an objection within three days of the issuance of this order.

DONE, this the 11th day of February, 2022.

                                  /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE