IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:21cr356-MHT
                              )           (WO)
JONATHAN LASHAUN DILLARD      )
```

ORDER

On August 17, 2021, defendant Jonathan Lashaun
Dillard was charged in an indictment with one count of
being a felon in possession of a firearm, in violation of
18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The question
before the court is whether he has the mental capacity to
stand trial, that is, whether he is currently suffering
from a mental disease or defect rendering him mentally
incompetent to the extent that he is unable to understand
the nature and consequences of the proceedings against
him or to assist properly in his defense.  *See* 18 U.S.C.
§ 4241(a).  Based on the evidence presented at a hearing
on March 29, 2022, the court finds that he has the mental
capacity to stand trial.

Shortly after being appointed to represent defendant
Dillard, defense counsel moved for a competency

evaluation. *See* Unopposed Motion for Competency Evaluation (Doc. 9). Defense counsel reported that upon meeting Dillard, "it became evident that [Dillard] was having extreme difficulty understanding the nature of the charges." *Id.* at 1. At his initial appearance, Dillard also "expressed confusion and a general lack of understanding to the nature of the charges and the proceedings." *Id.*

The magistrate judge granted the motion, and Dillard underwent a psychiatric evaluation by a staff member at the Federal Medical Center at Forth Worth, where he was then detained. Dillard refused to participate in the evaluation process, and therefore "a comprehensive competency evaluation, which includes background interviews, psychological testing, and a legally focused clinical interview, could not be conducted." Psychiatric Report (Doc. 24) at 3. Nevertheless, the evaluation concluded that Dillard is likely competent. *See id.* at 1, 23.

During a subsequent conference call, defense counsel

requested a continuance so that she could obtain a second evaluation of Dillard.[1]  The court granted that request. *See* January 11, 2022 Order (Doc.30).  Dillard proceeded to receive a psychological evaluation from Dr. Peggy Flanagan, conducted via teleconferencing over the course of two days, in February and March 2022. Dr. Flanagan subsequently filed a report with the court regarding Dillard's competency, based on the results of her evaluation and her review of approximately 199 pages of Dillard's medical records and the evaluation conducted at Fort Worth.  *See* Psychological Evaluation (Doc. 49).  The report found "some indication he may have some level of genuine symptoms of psychosis," *id.* at 4, but also that "his overall presentation was highly indicative of malingering," *id.* at 3.  It observed that Dillard received a score of 56 out of 61 on an Inventory of Legal Knowledge test, and that he "displayed a good

_____

1. At the time, Dillard was represented by the Federal Defender for the Middle District of Alabama. After the Federal Defender withdrew from the case, the court appointed Dillard's current defense counsel.

3

understanding of typical processes (meaning of pleas, roles of various courtroom participants, etc.)." *Id.* Largely on that basis, it concluded that "Mr. Dillard must be presumed competent to stand trial at this time." *Id.* at 4.

During her testimony on March 28, 2022, Dr. Flanagan stated that she has no reason to reevaluate her opinion that Dillard is competent.[2]  Neither she nor counsel for either party had reason to believe that Dillard's mental condition has deteriorated or that there is any current concern as to his competency.  Moreover, the court's own observations of Dillard supported Dr. Flanagan's findings.  Indeed, he appeared quite intelligent.  During the course of the competency hearing, he asked cogent questions of Dr. Flanagan concerning his own competency and mental health, citing specific sections of her report.  He also faulted his counsel for failing to

---

2. Neither in her testimony on March 28 nor in her psychological report did Dr. Flanagan address the extent to which Dillard's mental condition should impact any sentence he might receive.

**4**

subpoena various unnamed witnesses, failing to pursue what is essentially an insanity defense, and failing to file various motions, thereby evincing a clear understanding of the criminal process, and of his counsel's role in particular.

Therefore, based upon Dr. Flanagan's psychological evaluation, her testimony on March 29, 2022, and the court's own observations of Dillard, and pursuant to 18 U.S.C. § 4241(a), the court concludes that Dillard is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED and DECLARED that defendant Jonathan Lashaun Dillard is mentally competent to stand trial on the indictment (doc. 1) against him.

DONE, this the 29th day of March, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

5