IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr356-MHT |
| | ) | (WO) |
| JONATHAN LASHAUN DILLARD | ) | |

ORDER

This case is before the court on defendant Jonathan Lashaun Dillard's unopposed motion to continue his trial. Based on the representations made in the motion, and for the reasons set forth below, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

>   judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." § 3161(h)(4). It also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, a continuance is warranted because defendant Dillard is currently physically unable to stand trial, and because the ends of justice served by granting a continuance outweigh the

interest of the public and Dillard in a speedy trial. *See* § 3161(h)(7)(A). Defense counsel represents that Dillard is currently placed on suicide watch at the Montgomery County Detention Facility, and that he is "under 24 hour a day observation due to suicidal ideation and overall mental instability." Motion to Continue (Doc. 69) at 1. Dillard's consent plea hearing was previously set for May 23, 2022. *See* Order Setting Change of Plea Hearing (Doc. 66). Since he was placed on suicide watch, however, Magistrate Judge Adams continued his consent plea hearing generally. *See* Order Continuing Change of Plea Hearing (Doc. 70). In light of Dillard's constant need for observation, the court finds that it would be unsafe to transport him to and from the court for trial. Furthermore, the court finds that the interests of justice demand that Dillard's trial be continued until after he has had an opportunity to enter his plea. In addition, the government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Lashaun Dillard's unopposed motion to continue trial (Doc. 69) is granted.

(2) The jury selection and trial, now set for June 13, 2022, are reset for August 8, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term.

DONE, this the 25th day of May, 2022.

                                                __/s/ Myron H. Thompson__
                                                **UNITED STATES DISTRICT JUDGE**