IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr356-MHT |
| | ) | (WO) |
| JONATHAN LASHAUN DILLARD | ) | |

ORDER

This case is before the court on defendant Jonathan Lashaun Dillard's unopposed motion to continue his trial. Based on the representations made in the motion, and for the reasons set forth below, the court finds that jury selection and trial, now set for August 9, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

>judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A).  It also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, a continuance is warranted both so that defendant Dillard may undergo an examination of his mental competency to stand trial,

2

*see* § 3161(h)(1)(A), and because the ends of justice served by granting a continuance outweigh the interest of the public and Dillard in a speedy trial, *see* § 3161(h)(7)(A). Defense counsel represents that Dillard "was recently placed on suicide watch and is currently undergoing a mental examination to make a further determination as to his competency." Motion to Continue (Doc. 93) at 1. In light of Dillard's placement on suicide watch and his apparent need for a competency examination, the court finds that the interests of justice demand that his trial be continued until after the results of his examination are determined. In addition, the government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Lashaun Dillard's unopposed motion to continue trial (Doc. 93) is granted.

(2) The jury selection and trial, now set for August 9, 2022, are reset for September 12, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term.

DONE, this the 14th day of July, 2022.

                               /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**