IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr356-MHT |
| | ) | (WO) |
| JONATHAN LASHAUN DILLARD | ) | |

ORDER

This cause is before the court on defendant Jonathan Lashaun Dillard's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for September 12, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

> officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on a "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under § 3161(h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

After receiving an updated psychological report, Dillard filed an unopposed motion to continue trial

2

"until a final determination has been made as to the Defendant's competency to stand trial." Unopposed Motion to Continue September 12, 2022 Trial (Doc. 97); see Update to Psychological Evaluation (Doc. 98). At a telephonic status conference on August 23, 2022, defense counsel again raised the issue of Dillard's competency to stand trial.

The court has reviewed the updated psychological evaluation assessing Dillard's competency to stand trial, which reports inconclusive findings. The court will shortly set a hearing, with Dillard present, to make a determination of his competency. Dillard may need to be recommitted to federal custody for further psychological examination and competency evaluation pursuant to 18 U.S.C. § 4247(b). If he is ultimately found incompetent, Dillard will be committed to the custody of the Attorney General for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable

3

future he will attain the capacity to permit the proceedings to go forward," and if so, for an additional period of treatment, until he is competent to proceed, or until the pending charges "are disposed of according to law." 18 U.S.C. § 4241(d)(1) and (2). Accordingly, a continuance is warranted based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

In addition, the court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Dillard in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). It is crucial to the interests of justice that the court and all parties be allowed time to explore concerns about the defendant's competency at a competency hearing, as an incompetent defendant cannot assist counsel in defending the case nor make necessary decisions. Because neither a trial nor a plea can go forward if the defendant were to be found

4

incompetent, the need for time to conclusively determine Dillard's competency clearly outweighs Dillard's and the public's interest in a speedy trial.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 97) is granted.

(2) The jury selection and trial, now set for September 12, 2022, are continued generally, pending resolution of the issue of defendant Jonathan Lashaun Dillard's mental competency.

DONE, this the 24th day of August, 2022.

                        /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**