IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:21cr356-MHT
                            )            (WO)
JONATHAN LASHAUN DILLARD    )
```

ORDER

This cause is before the court on the government's motion to continue trial.  For the reasons set forth below, the court finds that jury selection and trial, now set for June 20, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides, in part, that

> "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on a "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance under § 3161(h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Dillard in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  It is crucial to the interests of

justice that the court and all parties be allowed time to explore new and recurring concerns about the Dillard's competency, as an incompetent defendant cannot assist in defending the case nor make necessary decisions.  Because a trial cannot go forward if Dillard were to be found incompetent, the need for time to determine conclusively Dillard's competency clearly outweighs Dillard's and the public's interest in a speedy trial.

At in-person hearings on June 13 and 14, 2023, the court and counsel for both parties observed Dillard's speech and behavior.  During those proceedings, the court, all counsel, and Dillard himself discussed whether he was competent to proceed to trial as scheduled on June 20, 2023.  It is particularly notable that counsel for both parties articulated serious doubts and concerns as to Dillard's competency.

Based on a review of the three previously filed psychological evaluations assessing Dillard's competency to stand trial, as well as representations from all

3

counsel and transcripts from recent hearings, it appears that Dillard is--at the present moment--likely not competent to proceed to trial.  Thus, a continuance is further warranted based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 184) is granted.

(2) The jury selection and trial, now set for June 20, 2023, are continued generally, pending resolution of the issue of defendant Jonathan Lashaun Dillard's mental competency.

DONE, this the 15th day of June, 2023.

                                           /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE