IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:21cr356-MHT
                            )           (WO)
JONATHAN LASHAUN DILLARD    )
```

OPINION AND ORDER

Defendant Jonathan Lashaun Dillard was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The court now considers, for the fourth time, whether he has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent such that he is unable to understand the nature and consequences of proceedings against him or to assist properly in his defense.  *See* 18 U.S.C. § 4241(a).  Based on the evidence presented, including several psychological reports and expert testimony at in-person hearings on several occasions, the court finds that he is mentally competent to stand trial.

**I. STANDARD FOR COMPETENCY**

A defendant must be mentally competent in order to stand trial. Federal statute provides that a hearing on such mental competency is warranted whenever

> "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

18 U.S.C. § 4241(a). That is, there is a statutory disjunction: a competency hearing is needed when there is reasonable cause to believe either that a defendant is unable to understand the proceedings against him or that a defendant is unable to assist properly in his own defense. Before any competency hearing, the court is authorized to order a "psychiatric or psychological examination of the defendant." *Id.* § 4241(b).

## II. BACKGROUND

In this case, the issue of Dillard's mental competency has been addressed multiple times, including through several psychological reports, expert testimony, and several in-person hearings. *See, e.g.*, Psych. Evaluation (Doc. 24); Psych. Evaluation (Doc. 49); Update to Psych. Evaluation (Doc. 98); Psych. Evaluation (Doc. 196); Psych. Evaluation (Doc. 206); Aug. 26, 2022, R.D. Hearing Tr.  At all stages of this case, the evidence suggested that Dillard has malingered in an effort to avoid unwanted consequences. While he may indeed have some genuine mental illness, it does not rise to the level that supports a finding that he is incompetent.

In March 2022, the court initially found that Dillard had the mental capacity to stand trial.  *See United States v. Dillard*, No. 21-cr-356, 2022 WL 949823 (M.D. Ala. Mar. 29, 2022) (Thompson, J.).  This finding was based on a psychological evaluation by BOP staff at the Federal Medical Center at Forth Worth, where he was

3

then detained; on a psychological evaluation and testimony from Dr. Peggy Flanagan; and on the court's own observations of Dillard. Notably, both psychological evaluations concluded that Dillard had been malingering and was competent to stand trial.

In June 2022, the court was informed that Dillard would not consistently take his medication, would talk all the time, and had threatened suicide on multiple occasions. *See* Status Report (Doc. 77); Updated Status Report (Doc. 78). Considering these circumstances, the court ordered Dr. Flanagan to reexamine Dillard and update her competency evaluation as appropriate. *See* Order (Doc. 85). Based on the updated evaluation and the court's observations of Dillard's "fairly sophisticated understanding of various courtroom actors and the instant legal proceedings," the court again found that Dillard was mentally competent to stand trial. *United States v. Dillard*, No. 21-cr-356, 2022 WL 14068643, at *2 (M.D. Ala. Oct. 24, 2022) (Thompson, J.),

4

However, in June 2023, the court decided to revisit the issue of competency after Dillard's conduct during two hearings became so disorderly that the court, as well as counsel for the government and the defense, were convinced that the case would be unable to go forward if Dillard continued to act as he did during the hearings.  Dillard's behavior at these two hearings undermined the court's earlier finding with regard to competency and presented reasonable cause to believe that Dillard was suffering from a mental disease or defect rendering him mentally incompetent to stand trial.  The court therefore ordered that Dillard be placed in the custody of the BOP for further mental-competency observation and evaluation.  *See United States v. Dillard*, No. 21-cr-356, 2023 WL 4290055, at *5 (M.D. Ala. June 30, 2023) (Thompson, J.).  The Court additionally accommodated the defense's request that Dr. Flanagan also conduct another competency evaluation with Dillard.  *See* Order (Doc. 199).  The reports from these two evaluations are

5

now before the court and are discussed in the next Part.

### III. Recent Evaluations and Competency Hearing

In October 2023, Dr. Leticia Armstrong of the BOP conducted another psychological evaluation. She summarized her competency assessment as follows:

> "Mr. Dillard displayed no influence of psychosis as it related to his decision-making, and he was able to rationally reason through potential legal strategy and rationally consider different aspects of his case when making decisions. Further, he demonstrated the ability to appropriately comport his behavior during the present evaluation. There was nothing to suggest he would have difficulty remaining attentive or appropriately comporting his behavior during hearings when motivated to do so unless he believes he will continue to evade prosecution by acting otherwise (*i.e.,* as if mentally ill). ... [T]here is no objective information available to suggest that Mr. Dillard currently suffers from a mental disease or defect that would significantly interfere with his ability to understand the proceedings against him or properly assist in his own defense."

Psych. Evaluation (Doc. 196) at 18.

Dr. Flanagan's evaluation, conducted in January 2024, similarly concluded that Dillard is competent to stand trial. She reported that, consistent with his history of malingering, Dillard "willful[ly]" exhibited inappropriate behavior and did not participate during the evaluation. Psych. Evaluation (Doc. 206) at 5. She noted that, while she believes that Dillard "does have some genuine mental illness, the symptoms with which he presents during his evaluations have been so highly atypical as to be unlikely genuine," and that, "he has also presented with the skill and ability to discuss what he would like out of the resolution of his case." *Id.* at 6.

Finally, the court held another in-person competency hearing yesterday, on January 16, 2024. Drs. Armstrong and Flanagan were present by Zoom to testify if needed, but they were not needed and did not testify. While during that hearing, Dillard continued to be, as he had been in past, highly disruptive and uncontrollably loud, the court concludes, pursuant to

7

18 U.S.C. § 4241(a), that his disruptive conduct is knowing and willful, is done simply and intentionally to disrupt the proceedings and keep the proceedings from moving forward in an orderly manner, and is not the product of any mental disease or defect; and that he is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (The court would note that, in an earlier order regarding a previous competency hearing, the court described Dillard's behavior as "a product of Dillard's 'showing off' for the court rather than a genuine lack of understanding." *United States v. Dillard*, No. 21-cr-356, 2022 WL 14068643, at *2, n.3 (M.D. Ala. Oct. 24, 2022) (Thompson, J.).  The court believes that Dillard's conduct at this most recent competency hearing again exemplifies that sentiment.)

***

Accordingly, it is ORDERED and DECLARED that defendant Jonathan Lashaun Dillard is mentally competent to stand trial in this case.

DONE, this the 17th day of January, 2024.

                                      /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**